IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RAY C. ORTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 09-CV-2547 KHV/DJW |
| | ) | |
| UNITED PARCEL SERVICE, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, Ray C. Orth ("Plaintiff" or "Mr. Orth"), by and through the undersigned counsel and for his complaint against Defendant United Parcel Service, Inc. ("Defendant," "UPS," or "the Company") states and alleges as follows, to wit:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.      Plaintiff, Ray C. Orth, brings this action against Defendant, United Parcel Service, Inc., for discrimination and other unlawful conduct in its employment practices as a result of the Defendant: (a) failing to engage in good faith and assisting Mr. Orth in identifying reasonable accommodation for Mr. Orth during his tenure of employment while he was disabled; (b) failing and/or refusing to provide reasonable accommodations for Mr. Orth's disability as required under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); (c) failing and refusing to reinstate Mr. Orth, an otherwise qualified disabled employee, to a position that would effectively accommodate his medical restriction and related impairments without imposing an undue hardship on UPS.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the federal question subject matter of this civil rights action, the Americans With Disabilities Act, pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      This Court has jurisdiction over all claims herein, pursuant to 28 U.S.C. § 1332 (a).

4.      This Court has personal jurisdiction over Defendant because the Company continuously engages in interstate commercial activity and business activity in Kansas, has its principal office from which Defendant was employed in Kansas and the case arises out of UPS's unlawful conduct within the State of Kansas.

5.      Plaintiff has complied with all requirements and conditions precedent to filing suit under the ADA.

6.      Plaintiff filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), on or about January 3, 2008, alleging that Defendant failed to provide reasonable accommodations to Plaintiff, despite his repeated requests, was discriminated against because of his disability, and had been retaliated against because his exercise of his rights under the Americans With Disabilities Act.  Plaintiff received a Notice of Right to Sue from the EEOC in connection with his charge on or after July 25, 2009.  This complaint is filed within 90 days of receipt of the Right to Sue Notice.

7.      Venue is proper in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1391 (b) and (c).  The unlawful employment practices set forth herein occurred and continue to occur in and around Lenexa, Johnson County,

Kansas, where Plaintiff worked, where the discrimination and the damages occurred and where the unlawful employment practices remain in effect.

**PARTIES**

8.      Plaintiff, Ray C. Orth, is a resident of the State of Missouri, residing in Platte County, Missouri.

9.      Plaintiff has been employed with UPS from March 15, 1982 and is currently on long-term disability with the Company.

10.      Defendant, UPS, has its corporate headquarters located at 55 Glenlake Parkway, Atlanta, Georgia, 30328.  UPS also has an office located at 14650 Santa Fe Drive, Lenexa, Johnson County, Kansas 66215, and is a covered entity within the meaning of the ADA and subject to the laws, rules and regulations at issue herein.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

11.      Mr. Orth has worked full time for Defendant for approximately the last 27 years.  His last position is that of "Non-Operations Specialist/Supervisor/Manager."

12.      Plaintiff became disabled due to psychiatric problems in 1999, when he was off work for 8 months.

13.      Plaintiff returned to work in July, 1999 with restrictions, increasing his work day, over time to 8 hours.

14.      From 1999 through 2007, Plaintiff worked 40 hours a week for Defendant.

15.      In March, 2007, Plaintiff had a conference with Defendant, wherein he requested continued reasonable accommodations for his disability, which would require a less than 40-hour work week, and Plaintiff would not work on a package car more than 4 hours a day.

3

16.     The agreed upon accommodations were not followed by UPS and in April, 2007, Plaintiff's management began to complain to other management concerning the accommodation provided to Plaintiff.

17.     In May, 2007, Plaintiff again requested reasonable accommodation and a meeting with the Human Resources Manager, where the requested accommodations were discussed.

18.     In August, 2007, Plaintiff was further denied reasonable accommodation and required to work full time  over 40 hours a week to include weeks of over 60 hours, in order to maintain his employment.

19.     In September, 2007, Plaintiff was placed on short-term disability, which included full pay for 6 months. In March 2008 he was placed on long term dissability at approximately 60 percent normal pay.

20.     In September, 2008, Plaintiff returned to work full time, with no restrictions, as he was advised that unless he returned to work at 100 percent, with no restrictions, he would administrativaly discharged.

21. upon returning to work, Plaintiff  was able to work for about 7 months without restrictions until he left work in April 2009 and Plaintiff's long-term disability was approved in June, 2009.

22.     Plaintiff requested other accommodations during that period of time, which were denied.

23.     That the requirement for Plaintiff to be released "100 percent" in order to be reinstated to employment with the Company is a routine policy and practice of UPS.

24.     The policy of UPS in requiring "100 percent release" prior to the reinstatement of the Company, denies Plaintiff the reasonable accommodations provided for them under the ADA, as this policy is non-interactive, in bad faith, does not provide any possible accommodation under the ADA , and is also retaliatory in nature and effect.

25.     Defendant is aware of Mr. Orth's disability, his history of suffering from the disability, perceives Mr. Orth as being disabled, and has provided reasonable accommodations in the past.

26.     By failing to provide Mr. Orth with reasonable accommodations, under the ADA, Mr. Orth has lost approximately 40 percent of his 2008 compensation, and a reduction in his 2009 compensation, as a result of having to go out on long-term disability, with a cumulative wage loss of approximately $25,000.00 plus additional retirement benefits.

27.     Additionally, the Plaintiff was unable to qualify for any management incentive program compensation, in an approximate amount of $17,000.00.

### FIRST CLAIM

### Prohibited Discrimination in Violation of the Americans With Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*

28.     The Plaintiff incorporates herein by reference each and every allegation contained above as if fully set forth herein.

29.     Mr. Orth is qualified, with reasonable accommodations, to perform the essential functions of his job and other jobs at UPS.

30.     Defendant discriminated against Mr. Orth because of his disability.

31.     As a result of the unlawful acts and conduct of Defendant UPS, as described herein, by and through and in concert with its managers and other employees,

Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, mental and emotional distress and reasonable attorneys' fees, the exact amount of which will be determined at trial. Plaintiff through this cause of action seeks damages in excess of $75,000.00.

## SECOND CLAIM

### Prohibited Retaliation in Violation of the ADA, as amended, 42 U.S.C. § 12203 (a)

32.   The Plaintiff incorporates herein by reference each and every allegation contained above as if fully set forth herein.

33.   Mr. Orth engaged in protected activity under the ADA.

34.   Mr. Orth suffered an adverse employment action.

35.   There is a causal connection between Mr. Orth's protected activity and the adverse employment action.

36.   As a result of the unlawful acts and conduct of Defendant UPS, as described herein, by and through and in concert with its managers and other employees, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, mental and emotional distress and reasonable attorneys' fees, the exact amount of which will be determined at trial. Plaintiff through this cause of action seeks damages in excess of $75,000.00.

## THIRD CLAIM

### Prohibited Interference, Coercion and Intimidation in Violation of ADA, as amended, 42 U.S.C. § 12203 (b)

37.   The Plaintiff incorporates herein by reference each and every allegation contained above as if fully set forth herein.

6

38.     Mr. Orth engaged in protected activity under the ADA.

39.     UPS interfered with, coerced, threatened or intimated Mr. Orth.

40.     There is a causal connection between Mr. Orth's protected activity and UPS interfering with, coercing, threatening, or intimidating Mr. Orth.

41.     As a result of the unlawful acts and conduct of Defendant UPS, as described herein, by and through and in concert with its managers and other employees, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, mental and emotional distress and reasonable attorneys' fees, the exact amount of which will be determined at trial.  Plaintiff through this cause of action seeks damages in excess of $75,000.00.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i.)     Plaintiff be awarded restitutionary and/or remedial relief;

ii.)    Back pay and front pay and benefits with pre-judgment interest in amounts to be proved at trial;

iii.)   Plaintiff be awarded pre-judgment interest and post-judgment interest, as well as his attorneys' fees, expert witness fees and other court costs; and,

iv.)    Plaintiff be awarded such other legal and equitable relief as the Court deems just and proper in the premises.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

## DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Dated: October 22, 2009

Respectfully Submitted,

GUNN, SHANK & STOVER, P.C.

/s/ David C. Stover
Philip O. Willoughby, KS Bar# 17611
David C. Stover, KS Bar# 70421
9800 N.W. Polo, Ste. 100
Kansas City, Missouri 64153
powilloughby@gunnshank.com
Ph. 816-454-5600
Fax. 816-454-3678
ATTORNEYS FOR PLAINTIFF